## Robert BLOOD, Plaintiff-Appellant,

v.

## The CITY OF NEW YORK and S. A. Healy Company, Defendants-Appellees.

### No. 32, Docket 24108.

United States Court of Appeals Second Circuit.

Argued Oct. 3, 1956.

Decided Oct. 25, 1956.

MacIntyre, Burke & Downey, New York City (Thomas F. Cohalan, Luke A. Burke, New York City, and Sidney L. Krawitz, Milford, Pa., of counsel), for plaintiff-appellant.

Peter Campbell Brown, New York City (Vernon Murphy, Mt. Vernon, N. Y., Seymour B. Quel, New York City, and Francis T. Murray, Kingston, N. Y., of counsel), for defendant-appellee, City of New York.

John P. Smith, New York City (John Nielsen, New York City, of counsel), for defendant-appellee, S. A. Healy Co.

Before FRANK, MEDINA and HINCKS, Circuit Judges.

PER CURIAM.

Plaintiff is the owner of resort properties on the Delaware River about five miles downstream from the confluence of the Delaware and Neversink Rivers at Port Jervis, New York, and about forty-five miles below the Neversink Dam, constructed by defendant, S. A. Healy Company, for and under contract with defendant, the City of New York. Plaintiff's complaint alleged negligence, nuisance and trespass in that the construction of the dam had rendered the water of the Delaware River, as it passed plaintiff's property, so turbid and muddy that it violated his rights as property owner and interfered with his business. The case was tried by the judge without a jury. During the trial, plaintiff withdrew the claim of negligence and conceded that the City had a right to build the dam. When plaintiff rested, the City introduced some evidence. But the judge decided for the defendant primarily on the insufficiency of the evidence introduced by plaintiff. The judge expressly found that construction of the dam "did not cause the turbidity in the Delaware River at plaintiff's property." We think the evidence supports the finding which is therefore not "clearly erroneous." Accordingly, we affirm.

We cannot understand plaintiff's contention that the judge could not properly give judgment against plaintiff at the close of plaintiff's case. Of course, the judge could properly disbelieve any of the testimony introduced by plaintiff. We think plaintiff has confused the situation with one in which, in a jury trial, the judge may not direct a verdict for a defendant when the plaintiff's evidence, if believed by the jury, would justify a verdict for the plaintiff.

Affirmed.